# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| CARROLL JAMES FLOWERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 12-3156-CV-S-RED-H |
| ) | |
| LINDA SANDERS,[1] Warden, ) | |
| United States Medical Center for ) | |
| Federal Prisoners, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petition this Court for a writ of habeas corpus in which he challenges actions of the Bureau of Prisons ["BOP"]. The petition for habeas corpus relief has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner has failed to state a constitutional violation and because his claims have been fully adjudicated in a previous habeas corpus petition, it will be recommended that the petition for habeas corpus relief be dismissed with prejudice.

After a Show Cause Order was entered, the United States filed its response. Petitioner then filed a traverse.

As grounds for relief in habeas corpus, petitioner alleges that his due process rights have

---

[1] The name of the current warden at the Medical Center has been substituted as the proper respondent.

1

been violated regarding disciplinary action taken against him at the Medical Center. He contends that there is no evidence to support him having been disciplined for having contraband in his cell. Specifically, he contends that he should not be held responsible for weapons found hidden in the ceiling tiles above the entry door of his room, which is shared by eight inmates. He contends that there was no evidence presented at the disciplinary hearing that this was a common area, or a multi-shared personal area, and that he could not have gained access to this area without violating other prison rules. Petitioner contends that this is outside the area for which he was responsible. He denies knowledge of the weapons being present, and states that there is no evidence to support the finding that the weapons were his. Petitioner seeks restoration of earned good time credits and expungement from his record.

It is respondent's position that petitioner's habeas petition should be dismissed because respondent has not violated any of his constitutional rights, and he has failed to state valid claims for relief. Respondent contends that because petitioner raises claims that are identical to those that were fully addressed in his earlier § 2241 petition, his request that his good conduct time be restored and his record be expunged should be denied, and this petition should be dismissed.

The Court is very familiar with petitioner's previous habeas petition, which was fully adjudicated through this Court, and the District Court. Flowers v. Anderson, 10-3206-CV-S-RED-H (W.D. MO Dec. 20, 2010). The Eighth Circuit Court of Appeals affirmed the Court's dismissal of the petition for writ of habeas corpus, after the matter was fully briefed and argued, on November 16, 2011. At each level, the claims were found to be without merit.

After careful review of the instant petition, it is clear that petitioner has failed to raise any issues or make any allegations that were not fully adjudicated in the prior habeas action. Pursuant

2

to 28 U.S.C. §2244(a), the Court is not required to entertain a writ of habeas corpus petition if it appears that the legality of the petitioner's detention has been determined in a prior federal habeas action. In this case, petitioner's instant petition raising issues that have been adjudicated constitutes an abuse of the writ. See generally Schlup v. Delo, 513 U.S. 298, 317-20 (1995); Phelps v. United States, 15 F.3d 735, 737-38 (8th Cir. 1994). Accordingly, it must be recommended that the petition for writ of habeas corpus be dismissed, and that this dismissal be with prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis; it is further

RECOMMENDED that the petition herein for writ of habeas corpus be dismissed with prejudice.

/s/ James C. England
JAMES C. ENGLAND
UNITED STATES MAGISTRATE JUDGE

Date: 11/15/12